**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

**ROHAN INGRAM,**                                    :

    **Petitioner**                              :          **CIVIL ACTION NO. 1:06-0794**

    **v.**                                          :                **(CONNER, D.J.)**
                                               **(MANNION, M.J.)**
**JONATHAN C. MINER,**                         :

    **Respondent**                            :

## REPORT AND RECOMMENDATION

## I.  PROCEDURAL BACKGROUND

On April 17, 2006, the petitioner filed a document designated as a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.  The only ground presented in the petition challenges a sentence imposed by the United States District Court for the Northern District of New York[1].  (Doc. Nos. 1 & 2).

On May 8, 2006, the petitioner submitted the proper filing fee for proceeding with a habeas corpus action.  (Doc. No. 5).

On May 23, 2006, in accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999), the court issued an order advising the petitioner that: (1) he can have the petition ruled on as filed; (2) have his petition re-characterized as a §2255 motion and heard as such, but in that event he will

---

[1]The only ground raised by the petition is: "Whether the sentencing court violated this Pro se petitioner's Sixth Amendment jury trial right when it increased his sentence beyond the authorized maximum based on facts not reflected in the jury's verdict."  (Doc. No. 1, p. 3).

lose his ability to file a second or successive petition absent certification by the court of appeals; or (3) withdraw his petition and file one all-inclusive §2255 motion within the one-year statute of limitations period prescribed by the Antiterrorism and Effective Death Penalty Act, ("AEDPA"), Pub. L. No. 104-132, Title 1, §§101-108, 110 Stat. 1214, 1217-21 (1996).  The petitioner was provided a Notice of Election form and was directed to return the completed form within forty-five days of the date of the order.  (Doc. No. 6).

On June 8, 2006, rather than returning the Notice of Election form, the plaintiff filed a "Motion to Alter or Amend Judgment Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure[2]," (Doc. No. 7).  In his filing, the petitioner clearly indicates that he wishes to pursue the instant action pursuant to §2241.  In doing so, the petitioner argues that his remedies pursuant to §2255 are inadequate or ineffective to test the legality of his conviction because "by the time he files a §2255 motion and the procedures are followed in terms of determining whether he is entitled to relief[,] [petitioner] will be released from custody[3]."  (Doc. No. 7, p. 2).

_____

[2]The court notes that there has been no "judgment" entered by this court in the petitioner's case, and therefore, Fed.R.Civ.P. 52(b) is inapplicable.

[3]The petitioner indicates that he is scheduled to be released from custody in November 2006.  (Doc. No. 7, p. 2).  The Bureau of Prisons' Inmate Locator has listed a projected release date for the petitioner of December 1, 2006.

## II.  FACTUAL BACKGROUND

On October 5, 2001, a jury found the petitioner guilty of conspiracy to unlawfully export defense articles designated on the United States munitions list in violation of 22 U.S.C. §2778 and 18 U.S.C. §371; conspiracy to acquire and transport firearms in interstate commerce in violation of 18 U.S.C. §§922(a)(1)(A), 924(n), and 371; and possession of a firearm by a convicted felon in violation of 18 U.S.C. §§922(g) and 924(a)(2).   The petitioner appealed the judgment, and on August 27, 2003, the Court of Appeals for the Second Circuit reversed the finding on the charge of possession of a firearm by a convicted felon, holding that because the petitioner's prior conviction was outside of the United States, the phrase "convicted in any court" contained in 18 U.S.C. §922(g)(1) did not apply to him.   The case was remanded to the Northern District of New York for re-sentencing.  Ingram v. U.S., 2006 WL 839533 (N.D.N.Y. 2006).

On May 19, 2005, the petitioner filed a §2255 motion in the Northern District of New York claiming violations of his Sixth Amendment rights based on ineffective assistance of counsel and improper calculation of his sentence in light of Booker v. United States and its progeny.

On October 7, 2005, the petitioner was re-sentenced.  The petitioner filed a notice of appeal.  Id.

On March 27, 2006, the Northern District of New York dismissed the petitioner's §2255 motion, without prejudice, subject to renewal upon

3

disposition of the plaintiff's appeal in the Second Circuit.  Id.

## III.  DISCUSSION

An application for a writ of habeas corpus on behalf of a prisoner, who is authorized to apply for relief by a motion pursuant to §2255, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by way of a §2255 motion is inadequate or ineffective to test the legality of his detention.

The petitioner is seeking to challenge his sentence imposed in the Northern District of New York, and therefore, his claim should be brought by way of a §2255 motion before the sentencing judge.

To be able to bring a §2241 petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of §2255, (i.e., that the remedy by a §2255 motion is inadequate or ineffective to test the legality of his detention).  The safety-valve language in §2255 has been strictly construed.  See  Application of Galante, 437 F.2d 1164, 1165-66 (3d Cir.1971) (unfavorable legal standards prevailing in circuit where sentencing court located does not render §2255 remedy inadequate or ineffective); Millan-Diaz v. Parker, 444 F.2d 95, 97 (3d Cir.1971)(doubts about the administration of a §2255 motion in particular does not make the remedy inadequate or ineffective); United States ex rel. Leguillou v. Davis, 212 F.2d

4

681, 684 (3d Cir.1954)(even if the sentencing court incorrectly disposes of a proper motion under §2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).

A §2255 motion is "inadequate or ineffective" only where a prisoner demonstrates "that some limitation of scope or procedure would prevent a §2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention." Application of Galante, 437 F.2d 1164, 1165 (3d Cir.1971)(per curiam)(quoting United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir.1954)).  The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.  See id.; Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir.1966).

The circumstances which make a §2255 motion inadequate or ineffective were addressed by the courts in Triestman v. United States, 124 F.3d 361 (2d Cir. 1997), and In re Dorsainvil, supra.  Both the Triestman and Dorsainvil courts held that a §2255 motion was only inadequate and ineffective where the denial of habeas relief would raise serious constitutional issues.  Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249.  The serious constitutional issue presented in those cases was that a change in substantive law rendered the conduct for which the petitioner was convicted no longer criminal.  Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, a high standard has been set for what a court will consider a serious constitutional issue sufficient to allow a petitioner to bring a §2241 petition to

challenge a federal conviction or sentence.

Furthermore, it is the inefficacy of the remedy, not the personal inability of the petitioner to utilize it, that is determinative. <u>Garris v. Lindsay</u>, 794 F.2d 722, 727 (D.C.Cir.1986). Courts have consistently held that a prior unsuccessful motion to vacate sentence does not render the remedy inadequate or ineffective. <u>In re Vial</u>, 115 F.3d 1192 (4th Cir.1997)(stating the remedy afforded by §2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, or because an individual is procedurally barred from filing a § 2255 motion). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255." <u>Cradle v. United States ex rel. Miner</u>, 290 F.3d 536, 539 (3d Cir.2002).

The claim raised by the petitioner, namely that his Sixth Amendment rights were violated when the sentencing court increased his sentence beyond the authorized maximum based on facts not reflected in the jury's verdict, is a direct challenge to his sentence so as to bring it within the ambit of §2255. The petitioner's contention that §2255 is inadequate or ineffective to test the legality of his detention because his sentence may expire prior to the Second Circuit's decision on his appeal and his ability to re-file his §2255 petition is insufficient to bring this action within the ambit of §2241. There is

no implication of an intervening change in the law such that the crimes for which the petitioner were convicted are now "non-criminal."  The fact that the petitioner may be released prior to the Second Circuit's consideration of his appeal and his ability to re-file his petition in the sentencing court does not alter that result.


## IV.  CONCLUSION

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)**    the petitioner's "Motion to Alter or Amend Judgment Pursuant to Rule 52(b) of the Federal Rules of Civil Procedure," (Doc. No. 7), be **DISMISSED**; and

**(2)**    the petition for writ of habeas corpus, (Doc. No. 1), be **DISMISSED**.


S/ Malachy E. Mannion
**MALACHY E. MANNION**
**United States Magistrate Judge**


**Date:  June 21, 2006**
O:\shared\REPORTS\2006 Reports\06-0794.01.wpd

7